UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 20cr1668-LAB |
| | ) | Civ. 23-cv-00207-LAB |
| | ) | |
| Plaintiff/Respondent, | ) | **Order Granting Amended Motion** |
| vs. | ) | **for Habeas Relief Pursuant to 28** |
| | ) | **U.S.C. § 2255 [Dkt. 59]** |
| | ) | |
| LUIS MARTINEZ, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

Before the Court is Defendant's Amended Motion for Relief pursuant to 28 U.S.C. § 2255 [Dkt. 59] requesting the Court to set aside his sentence of 120 months and conduct a resentencing hearing.  In consideration of this, the Court makes the following factual findings:

On June 18, 2020, an indictment was filed by the Government charging the defendant, Luis Martinez, with four counts of importation of controlled substances, specifically, 3.42 kilograms of fentanyl, 7.98 kilograms of cocaine, 5.49 kilograms of heroin, and 857 grams (actual) of methamphetamine, all in violation of 21 U.S.C. §§ 952, 960. [Dkt 5].  On August 24, appearing before Magistrate Judge Butcher, Mr. Martinez pleaded guilty to all four counts of the indictment, pursuant to the terms of a plea agreement. Mr. Martinez was represented by retained counsel, Samir Belani. Sentencing was set for November 22, 2021. [Dkt. 36]. On September 13, 2021, the Court accepted Mr. Martinez's guilty plea to all four counts. [Dkt. 38].

On November 17, 2021, at the request of counsel, the Court continued the sentencing hearing to January 3, 2022.  [Dkt. 40]. On the day of the sentencing hearing, Belani requested a 30-day continuance to conduct a Safety Valve meeting pursuant to 18

U.S.C. § 3553(f)(5). [Transcript of Sentencing Hearing ("Tr.") at page 3]. When the Court asked why this had not occurred earlier, despite having had four months to complete, Belani replied "Your honor, there is no explanation." [Tr. at 4]. Based on the inadequacy of Belani's explanation, the Court did not find good cause for the request and declined to grant a continuance. [Tr. at 6].

During the hearing, the Court calculated the applicable advisory guideline range, which it found to be 108-135 months. [Tr. at 9]. The Court then engaged in the analysis of the remaining 3553(a) factors, by weighing in Mr. Martinez' lack of criminal record, his contrition and plans to move forward, as well as the deadly nature of fentanyl. [Tr. at 9-11]. The Court found that with these considerations in mind, the advisory low-end sentence of 108 months was "too long." [Tr. at 11]. The Court ultimately determined "that a reduction of 37 months from the low-end down to 71 months is warranted. It produces what I find to be a reasonable sentence under all the circumstances and weighing all the 3553 factors." [Tr. at 12].  But after being advised by the probation officer that Mr. Martinez had not plead around the mandatory minimum, the Court imposed a sentence of 120 months on all counts, concurrent. [Tr. at 15-16,  Dkt. 42]. The judgment was entered on January 10, 2022. [Dkt. 44].

On February 17, 2022, Attorney Francisco Sanchez substituted-in as counsel of record to assist Mr. Martinez. [Dkt. 46].  On that date, Mr. Martinez, with the advice and counsel of Mr. Sanchez, complied with the Safety Valve requirement of § 3553(f)(5). However, no motions were filed in the wake of this.

More than a year later since his sentence, on February 3, 2023, Mr. Martinez filed a Motion to Vacate under 28 U.S.C. § 2855, *pro se*. [Dkt. 48]. On August 8, 2023, the Court appointed Martin Molina to represent Petitioner and file any necessary amendments. [Dkt. 53].

On October 30, 2023, Mr. Martinez through appointed counsel filed the amended motion which withdraws the claims of the original *pro se* motion and raises the sole

claim of post-plea ineffective assistance of counsel. [Dkt. 59].  The amended motion requests that the sentence of 120 months be set aside on the grounds that Belani's deficient performance precluded Mr. Martinez from successfully meeting the requirement of 18 U.S.C. § 3553(f)(5) and thus from receiving a sentence lower than 120 months.  The amended motion further requests the Court to equitably toll the one-year filing period on the grounds that Mr. Martinez justifiably believed Mr. Sanchez would file a timely motion on his behalf. *Id.* On February 9, 2024, the United States filed a response in non-opposition to Mr. Martinez's amended motion. [Dkt. 62]

With these findings, the Court agrees that Belani provided ineffective assistance of counsel post-plea and that Mr. Martinez was prejudiced as a result. To establish a claim for ineffective assistance of counsel, a movant must demonstrate that (1) defense counsel's representation fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). *Strickland* applies to sentencing proceedings. *Glover v. United States*, 531 U.S. 198, 202-04 (2001).  Had Belani diligently worked out the Safety Valve issue, Mr. Martinez would have met the requirements for relief from the mandatory minimum under § 3553(f) and the Court would have been free to impose the sentence of 71 months.  Belani's unexplained failure to do so despite having more than four months, thus prejudiced Mr. Martinez.

The Court further rules that the time for the filing of Mr. Martinez' pro se motion should be equitably tolled from January 10, 2022, to February 10, 2023, because he reasonably believed that Attorney Sanchez would be timely filing one on his behalf.

///

///

///

///

///

Accordingly, the Court vacates the sentence of 120 months imposed on each count and orders that a resentencing hearing be conducted.

**IT IS SO ORDERED.**

Dated: February 20, 2024

Hon. Larry Alan Burns
United States District Judge

20 CR 1668 LAB